COCA-COLA BOTTLING CO. v. CHANDLER et al.

No. 34966.   Dec. 2, 1952.

Rehearing Denied Jan. 6, 1953.

*251 P. 2d 1042.*

Kavanaugh Bush, Tulsa, for plaintiff in error.

C. R. Thurlwell, Tulsa, for defendants in error.

CORN, J.  This action was brought by plaintiff to cancel an easement contained in the following agreement:

"Know all Men by These Presents:

"Whereas, G. A. Chandler, and Mary Chandler, his wife, and J. A. Frates, Jr., and Dorothy D. Frates, his wife, conveyed to the Coca-Cola Bottling Co., Tulsa, Oklahoma, on this 31st day of July, 1946, the following described property, to-wit: A part of the South Half of the Northwest Quarter (1/2 NW/4) of Section Sixteen (16), Township Nineteen (19) North, Range Thirteen (13) East, Described as follows: Beginning at the Northwest (NW) corner of the South Half (S/2) of the Northwest Quarter (NW/4); thence East along the North line of the South Half of the Northwest Quarter (S/2 NW/4) a distance of 698.5' to a point; thence South and parallel with the West line of the South Half of the Northwest Quarter (S/2 NW/4 a distance of 658.5' to a point; thence West and parallel with the North line of the South Half of the Northwest Quarter (S/2 NW/4) a distance of 698.5' to a point; thence North and parallel with the West line of Section 16, a distance of 658.5' to a point excepting that portion deeded for highway purposes, all in Tulsa County, State of Oklahoma, according to the United States Government Survey thereof.

"Whereas, the Coca-Cola Bottling Co. of Tulsa, Oklahoma, has paid the purchase price to said sellers for the above described land and for said consideration, the said sellers, being the

614

undersigned, have agreed to execute to the Coca-Cola Bottling Co., Tulsa, Oklahoma, an easement across other property owned by the sellers from the present M.K.&T. Railroad· to the above described tract of land purchased by the Coca-Cola Bottling Co., Tulsa, Oklahoma, in such location as the parties hereto shall select.

"Now, Therefore, in consideration of One Dollar and other good and valuable considerations, and in consideration of the purchase price of the property hereinabove described, the undersigned does hereby agree to convey to the Coca-Cola Bottling Co., Tulsa, Oklahoma, an easement for railway purposes, of not less than seventeen (17) feet in width, over such portion of the South Half of the Northwest Quarter (S/2 NW/4) of Section 16, Township 19 North, Range 13 East, Tulsa, Oklahoma, as the parties hereto shall select, and upon such selection this agreement shall be released of record. Dated this 31st day of July, 1946."

(This agreement is notarized in due form.)

The plaintiffs sought to cancel the easement on the theory that it had been abandoned by the defendant. The defendant answered with a denial and filed a cross-petition asking the court to adjudge that it was entitled to a railway easement and to select a location. Since the agreement was entered into by the parties the property has been taken into the city of Tulsa as residential property. After a full and complete hearing the trial court rendered in part the following judgment:

"And it further appearing to the court that the above described property has since the granting of said easement been by the City of Tulsa, Oklahoma, attached to and made a part of the City of Tulsa, and that when said property was annexed to the City of Tulsa, Oklahoma, it became zoned for residential purposes, and it further appearing to the court that said defendants are not now using or occupying said property for business purposes and that no railway line has been laid across any of said property, and it further appearing to the court that the parties hereto have been unable to agree as to the exact location of said right-of-way and it further appearing to the court that the plaintiffs have not sustained the allegation of the petition, the application of the plaintiffs to cancel and hold for naught said easement is hereby denied, and it further appearing to the court that the defendant is the owner of the Northwest Quarter of the Southwest Quarter of the Northwest Quarter of said Section 16, and that the plaintiffs contemplate using all of the balance of said South Half of the Northwest Quarter of said Section 16 lying west of the M.K. & T. Railway except said Blocks 1 and 2 of Harvard Apartments Addition to the City of Tulsa, Oklahoma, for residential purposes and the court should fix and determine at this time the easement so granted by the agreement and contract attached to plaintiffs' petition; and the court being fully advised in the matter finds that the defendant should have an easement and right of way for railway purposes in the North Half of the South Half of the Northwest Quarter of said Section 16, Township 19 North, Range 13 East."

The judgment of the trial court gave the defendant an easement, but it complains of the location, contending that it is entitled to have its easement at one of the surveys made by the Katy Railroad at a time when this property was to be used for industrial purposes and before the land was platted and brought into the city of Tulsa as residential property, and residences built thereon.

The trial court was familiar with the tract of land and the location of the residences placed thereon ranging in price from $10,000 to $25,000. There is no evidence that the easement granted will not serve the same purpose for the defendant as either of the other two locations.

"A general finding of the trial court in a suit of equitable cognizance is a finding of each special thing necessary to sustain the general finding." Hamel v. Toronto Ins. Co., 202 Okla. 553, 216 P. 2d 319.

Judgment of the trial court affirmed.

HALLEY, V. C. J., and WELCH, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.